## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **PAMELA DARBY,** individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>**WEX INC.,**<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 2:26-cv-00147-SDN<br>)<br>)<br>)<br>) |

### ORDER ON JOINT OBJECTION TO SCHEDULING ORDER

In her complaint, Pamela Darby alleges that WEX, Inc., violated the Fair Labor Standards Act (FLSA) and related state laws by failing to properly compensate for all hours worked and to pay the overtime premium for all hours worked in excess of forty per workweek. *See* Complaint (ECF No. 1). Darby brings these claims both individually and on behalf of others similarly situated. *Id.* The Parties have filed a joint objection to the scheduling order, proposing differing approaches to the traditional two-step discovery for advancing collective FLSA actions. Joint Objection (ECF No. 21).

Wex points to a series of cases, starting with the Fifth Circuit Court of Appeals and progressing through the Sixth and Seventh Circuits, that reject the more lenient standard for conditional class certification at the first stage as applied in, among

other places, the District Courts of the First Circuit.[1]  In *Swales v. KLLM Transp. Services, L.L.C.*, the Fifth Circuit concluded that before authorizing notice to potential opt-in plaintiffs, the District Court "must rigorously scrutinize the realm of similarly situated workers, and must do so from the outset of the case, not after a lenient, step-one conditional certification." 985 F.3d 430, 434 (5th Cir. 2021) (cleaned up).  In *Clark v. A&L Homecare & Training Ctr., LLC*, the Sixth Circuit concluded that for "a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a strong likelihood that those employees are similarly situated to the plaintiffs themselves." 68 F.4th 1003, 1012 (6th Cir. 2023) (cleaned up).  And most recently in *Richards v. Eli Lilly & Co.*, the Seventh Circuit concluded that to secure notice, "a plaintiff must produce some evidence suggesting that they and the members of the proposed collective are victims of a common unlawful employment practice or policy." 149 F.4th 901, 913 (7th Cir. 2025).

Relying on these precedents, Wex invites me to abandon the traditional two-step verification FLSA class certification procedure in favor of a more rigorous analysis of the similarly situated requirement under 28 U.S.C. § 216(b) while also allowing discovery on the merits of the Plaintiff's claims.  "In light of the weight of authorities from courts in the First Circuit and elsewhere" that apply to the two-step certification procedure, I decline to abandon the established practice.  *Drake v. Tufts*

---

[1] The standard for conditional class certification at the first stage is not demanding.  "In the first step, assessed early in the litigation, the plaintiffs need to make only a modest factual showing that, with similar but not necessarily identical jobs, they suffered injuries under a common unlawful policy or plan." *Curtis v. Scholarship Storage Inc.*, No. 2:14-cv-303-NT, 2015 WL 1241365, at *1 (D. Me. Mar. 18, 2015) (cleaned up).

*Assoc. Health Maint. Org.*, No. 19-11876-FDS, 2021 WL 2767308, at *3 n.3 (D. Mass. Feb. 12, 2021); *see also Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 89 (1st Cir. 2022) (recognizing, even while citing *Swales*, that district courts "have developed a loose consensus regarding conditional certification procedures" that "entails a lenient review of the pleadings, declarations, or other limited evidence" at the first step (cleaned up)); *Belanger v. Ocean State Jobbers Inc.*, 2025 WL 2772574, at *2 & n.3 (D. Me. Sept. 26, 2025) (same); *Vye v. Hannaford Bros. Co.*, No. 2:24-cv-00339-NT, 2025 WL 2640068, at *2 (D. Me. Sept. 15, 2025) (applying the "two-step approach to certification" in a recent FLSA collective action).

I understand that WEX is eager to test the merits of this action; however, the "district courts within the First Circuit," including the District of Maine, have adopted "a 'two-tiered' approach to certification of collective actions under the FLSA." *Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 233 (D. Me. 2011). I see no reason to depart from this practice here. Under this approach, "the first stage determines whether notice should be given to potential collective action members and usually occurs earlier in a case, before substantial discovery, based only on the pleadings and any affidavits which have been submitted." *Id.* at 233-34 (cleaned up). "The second stage occurs at the completion of discovery when the employer may move to decertify the class action." *Id.* Notably, the first stage occurs before "substantial discovery" but not before any discovery has occurred. *Id.* In *Belanger v. Ocean State Jobbers Inc.*, I granted a joint objection to the scheduling order, which proposed that first-stage discovery "shall solely consist of discovery related to whether the case shall

proceed to notice and proceed as a conditionally certified collective action." 2:24-cv-00103-NT, ECF Nos. 35-36 (D. Me. Oct. 16, 2024). The same procedure applies here.

Thus, the parties shall follow the two-step approach to FLSA collective actions. Therefore, I **ORDER** as follows: The parties' stipulations are accepted, and the case is assigned to the complex track. *See* ECF No. 21 at 1-2 (outlining the parties' agreements). The first stage of discovery shall be completed by November 13, 2026. Consistent with *Belanger*, this stage of discovery is limited to information relevant to conditionally certifying the collective action, which may include documents like job descriptions, payroll records or summaries showing common practices among the potential collective, and documents concerning corporate structure. Any motion by Plaintiff for notice and conditional class certification under 28 U.S.C. § 216(b) must be filed no later than December 11, 2026. The Defendant's response is due January 8, 2027. Plaintiff's reply is due by January 22, 2027. All other deadlines are held in abeyance and to be set after the Court rules on the Plaintiff's motion for court-authorized notice.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: July 10, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge

5